# Young's Estate.

*Decedents' estates—Trusts and trustees—Burial lot.*

Where a testator dying in 1785 devised to trustees a lot of ground for the burial of the dead of his family, but leaves no fund for its care, and the lot falls into disuse, and becomes valuable for other purposes, the orphans' court may decree its sale, and order the proceeds to be used part in buying a lot in an established cemetery, part in removing the dead, and marking the graves in the new lot, part in caring for the lot in the future, and the remainder to be divided among the heirs of the testator. In making such an order the court commits no error in

1909.]                    Syllabus—Opinion of the Court.

refusing to appropriate a portion of the proceeds for a separate and elaborate monument to the testator.

Argued Jan. 11, 1909. Appeal, No. 247, Jan. T., 1908, by Henry K. Leech and Isaac L. Glascoe, substituted trustees, from decree of O. C. Phila. Co., dismissing exceptions to adjudication in Estate of William Young, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication of LAMORELLE, J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing exceptions to adjudication.

*Lewis Lawrence Smith,* for appellants.—The principle of the cases is that an allowance will be made for a tombstone or monument reasonable, as compared with the size and circumstances of the estate, especially where the greater number of the parties in interest do not object to the expenditure: McGlinsey's Appeal, 14 S. & R. 64; Porter's Estate, 77 Pa. 43; Barclay's Estate, 2 W. N. C. 447; Connelly's Estate, 28 Pitts. L. J. 352; Webb's Est., 165 Pa. 330.

The trust which William Young created was a valid perpetual trust,—not alone for himself but for a large class,—and, in this light, is a charitable use: Jones v. Habersham, 107 U. S. 174 (2 Sup. Ct. Repr. 336); Brown v. Lutheran Church, 23 Pa. 495; Smith's Estate, 181 Pa. 109; Nauman v. Weidman, 182 Pa. 263.

*John C. Hinckley* and *Robert H. Hinckley,* for appellees.— The court committed no error in refusing an award for an elaborate monument: McGlinsey's App., 14 S. & R. 64; Porter's Est., 77 Pa. 43; Barclay's Est., 2 W. N. C. 447; Connelly's Est., 28 Pitts. L. J. 352.

The purposes of the trust having failed the trust is at an end: Yarnall's Appeal, 70 Pa. 335; Ogden's Appeal, 70 Pa. 501.

Opinion by MR. JUSTICE POTTER, May 10, 1909:

The appellants in this case are substituted trustees under

the will of William Young, who died in 1785. By his will he placed a tract of ground in trust for all his heirs and their families and descendants, to be used as a family burying ground. A portion of this ground was actually so used. No funds were given to the trustees to enable them to maintain the burying ground. It fell into disuse, and as the city grew around it, the ground became valuable for other purposes.

Under the provisions of the Price act, the land was sold for $25,000 and under the decree of the orphans' court, the trustees purchased a suitable lot in Arlington cemetery and removed the bodies which were in the old burying ground, to the new resting place. An agreement was made with the cemetery company to provide for the perpetual care of the plot, and the orphans' court has allowed the sum of $3,500 to be expended in properly marking the graves. After these matters were all provided for, there remained a sum amounting to about $10,000 which the orphans' court directed should be distributed among the heirs of William Young. Exceptions filed by the trustees to the distribution were overruled and they have taken this appeal.

We agree with the auditing judge in his statement that there seems to be no good and sufficient reason why distribution should not be made. The duties of the trustees are at an end. It is not clear that the trustees have any standing to object to the distribution; certainly the trust will not be maintained for the benefit of the trustees. Nor can we say that the auditing judge was wrong in refusing to make an allowance for a separate and elaborate monument to the founder, William Young. No provision for anything of the kind was made in the will of the testator. The amount allowed for markers for all the graves was liberal, and the court below was apparently of the opinion that no need was shown for a more elaborate monument at the grave of William Young than at the others in the plot.

We do not feel called upon to interfere with the discretion thus exercised. The specifications of error are overruled and the decree of the orphans' court is affirmed.